UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA


FILED
APR 30 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JAMES D. LUEDTKE AND ALL OTHERS
SIMILARLY AFFECTED,
          PLAINTIFFS,

Case no. 07 0782

-V-

UNITED STATES OF AMERICA,
UNITED STATES CONGRESS,
          DEFENDANTS.

## MOTION FOR CLASS CERTIFICATION

Plaintiffs file this motion pursuant to Federal Rules of Civil Procedure, rule 23 and district court rule 7 and on the grounds stated.

A motion for class certification must assert that the four requirements of rule 23(a) are met and that the class meets at least one of the three categories of rule 23(b). Amchem prods. -V- Windsor, 521 U.S. 591. Bolin -V- Sears, 231 F.3d 970.

One or more members of a class may file a pleading as representative parties on behalf of the class if the following requirements are met. 1. The class is so large that joinder of all members is impracticable. 2. There are questions of law or fact common to the class. 3. The claims of the representative parties are typical of the class. 4. The representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a), Ortiz -V- Fiberbord Corp. 527 U.S. 815, Mullen -V- Treasure Casino, 186 F.3d 620.

The court should grant plaintiff's motion for class certification for the following reasons: The class is so numerous that joinder of all members is impracticable. Fed.R.Civ.P. 23(a)(1). See: Pederson -V- Louisiana state univ. 213 F.2d 858. Joining all class members would be extremely difficult or inconvenient. All the violations listed in the lawsuit apply to all federal prisoners in the United States. About 195,000 prisoners in many different states.

The claims of plaintiff James D. luedtke are typical of the claims of all class members. Fed.R.Civ.P. 23(a)(3). Stout -V- Byrider, 228 F.3d 709. Plaintiff James D. Luedtke, has the same interests and has generally suffered the same type of injury as the rest of the class. General tel. -V- Falcon, 457 U.S. 147. There is sufficient relationship between the injury to plaintiff James D. Luedtke, and the conduct affecting the class.

Attorney (yet to be appointed) as class representative will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a)(4). See: Mullen 186 F.3d at 625. The attorney for the class representative is qualified and competent, and there are no conflicts between the representative's interests and the rest of the class.

The court should certify the class because defendants have refused to act on grounds generally applicable to all proposed class members, so that the sought after relief is

1

appropriate for the class as a whole. Fed.R.Civ.P. 23(b)(2); Amchem Prods.,521 U.S. 614. Defendants have adopted a pattern of activity that is the same for all class members. The sentencing reform act and it's by-products (sentencing guidelines, mandatory minimums, supervised release, no parole mandate) have been unlawfully used against all federal prisoners in the United States. And continue to be used. The sentencing reform act and it's cited by-products are causing unconstitutional levels of prison overcrowding in the 115 federal prisons in the U.S. There is insufficient funding to warehouse all the federal prisoners. As a result, all federal prisons in the United States are unsafe, unhealthy, inhumane, counterproductive, anti-rehabilitative, anti-educational with increasing levels of violence. The sentencing reform act and it's cited by-products are causing widespread constitutional violations, widespread violations of federal law, code of federal regulation, prison policy statement and international treaty with sentencing issues and within the virulent federal prisons.

The members of the class are not interested in individually controlling the prosecution of separate actions. Fed.R.Civ.P. 23(b)(3)(a); Amchem Prods., at 615-16, 117 S.Ct. at 2246. Prosecutions of that many separate actions would not be practical. Many members of the class are not capable of prosecution of separate actions due to illiteracy, mental illness or other prison/prisoner hurdles. Like the many prisoners in the many federal prison segregations. Prisoners in cited segregations are not allowed access to legal materials, law library nor access to the federal courts which is blatantly unconstitutional.

Management of the class action will not be difficult. Fed.R.Civ.P. 23(b)(3)(d); Amchem Prods., 521 U.S. at 615-16 117 S.Ct. at 2246. The class action can largely be managed by providing each federal prisoner in the United States with an opportunity to sign on and be part of the class if he or she desires. Not difficult with a captive class. Along with whatever measures lawyers use to manage a class filing.

Based on the facts herein, the court should grant plaintiffs motion for class certification.

Dated: 3-28-2007

Pro se petitioner,

*[signature]*